**[J-17-2022] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


COMMONWEALTH OF PENNSYLVANIA,    :   No. 28 EAP 2021
                                        :
           Appellee         :   Appeal from the Judgment of
                                          :   Superior Court entered on
                                        :   2/16/2021 at No. 2187 EDA 2018
           v.                 :   affirming the Order entered on
                                        :   7/16/2018 in the Court of Common
                                        :   Pleas, Criminal Division,
GERALD DRUMMOND,         :   Philadelphia County at No. CP-51-
                                          :   CR-0015491-2008.
           Appellant        :
                                     SUBMITTED: January 27, 2022


**CONCURRING OPINION**


**JUSTICE DONOHUE**                                 **DECIDED: November 23, 2022**

I join the Majority opinion, which thoroughly explains how the medical analogy used here in connection with the definition of reasonable doubt failed to convey the correct standard and how its use corrupted the reasonable doubt charge. In the course of its discussion, the Majority points to Pennsylvania Standard Suggested Criminal Jury Instruction 7.01 ("Pa. SSJI (Crim) 7.01") as an example of an objective reasonable doubt instruction that conveys the correct constitutional parameters of the concept of reasonable doubt. Majority Op. at 24. I do not disagree with the Majority's characterization of this standard suggested jury instruction but write to clarify two points in connection therewith.

First, Pa. SSJI (Crim) 7.01 contains two reasonable doubt instruction alternatives, although only one is referenced in the Majority Opinion. The first, which is cited by the

Majority and which the subcommittee note refers to as the "traditional" alternative, is phrased in terms of hesitation, while the second utilizes proactive phrasing. The alternative provisions are as follows:

7.01 - PRESUMPTION OF INNOCENCE--BURDEN OF PROOF--REASONABLE DOUBT

**[First Alternative]**

\*\*\*

3. Although the Commonwealth has the burden of proving that the defendant is guilty, this does not mean that the Commonwealth must prove its case beyond all doubt and to a mathematical certainty, nor must it demonstrate the complete impossibility of innocence. **A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to hesitate before acting upon a matter of importance in his or her own affairs.** A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence presented with respect to some element of the crime. A reasonable doubt must be a real doubt; it may not be an imagined one, nor may it be a doubt manufactured to avoid carrying out an unpleasant duty.

**[Second Alternative]**

\*\*\*

4. A guilty verdict cannot be based upon a suspicion of guilt. Therefore, it is not enough that the Commonwealth's evidence merely casts doubt upon the innocence of the defendant or that it leaves you believing simply that [he] [she] is probably guilty. Rather, to find the defendant guilty beyond a reasonable doubt, **you must be convinced of [his] [her] guilt to the same degree you would be convinced about a matter of importance in your own life in which you would act with confidence and without restraint or hesitation.**

5. Understand that in making decisions of importance in our own lives, we can never act with mathematical certainty. Also, we must recognize that sometimes, simply out of fear of making those important decisions, we may imagine doubts

that are based on virtually anything. It is important that we make sure that doubts that we allow to affect our decisions are only those that are based upon facts and reason.

6. The same considerations apply here.

7. In addition, your decision should not be based upon sympathy for any person or any concern for future consequences of your verdict, such as what the penalty might be if you find the defendant guilty. The simple but important question you must decide is **whether the evidence convinces you of the defendant's guilt to the degree that if this were a matter of importance in your own life, you would act on that matter confidently, without hesitation or restraint.**

Pa. SSJI (Crim) 7.01 (emphasis added). The subcommittee note warns that "[t]he second alternative is not meant to displace the use of the traditional first alternative[.]" *Id.* Note. Saliently, the note explains that the first alternative "has not been successfully attacked on due process grounds[,]" while no comparable statement is offered in support of the second alternative. *Id.* I acknowledge, as does the Majority, that the United States Supreme Court has not required that a reasonable doubt instruction must be phrased in terms of causing hesitation rather than moving forward. *See* Majority Op. at 17. It has, however, expressed its favor for definitions of reasonable doubt phrased in terms of hesitation rather than action. *Holland v. United States*, 348 U.S. 121, 138 (1954). When expressing this partiality in *Holland*, the Court favorably cited *Bishop v. United States*, 107 F.2d 297 (D.C. Cir. 1939), in which the District of Columbia Circuit Court defined reasonable doubt not as "a vague, speculative, imaginary something, but just such a doubt as would cause reasonable men to hesitate to act upon it in matters of importance to themselves." *Bishop*, 107 F.2d at 303. While *Holland* stops short of a mandate, it is still an expressed preference, one which courts would be wise to heed. Thus, I see little

value in providing the alternative instruction that is phrased in terms of taking action when that formulation has been called into question by *Holland*. Although neither the United States Supreme Court nor this Court has settled on a definitive definition of reasonable doubt, *see Victor v. Nebraska*, 511 U.S. 1, 28 (1994) (Blackmun, J., concurring); *Commonwealth v. Williams*, 248 A.2d 301, 303 (1968), there is a difference between allowing trial courts discretion in formulating their charge and engendering the confusion inherent in expressing reasonable doubt in terms of taking action instead of hesitating to do so. I would, therefore, expressly disapprove the use of the suggested standard jury instruction's second alternative.

My second point is more general. Here, the Superior Court cited portions of the trial court's jury charge that tracked Pa. SSJI (Crim) 7.01 in support of its conclusion that it was not reasonably likely that the jury misapplied the reasonable doubt standard, reasoning that the language contained therein was an accurate statement of the law. *See* Majority Op. at 9-10 (citing *Commonwealth v. Drummond*, 2187 EDA 2018, 2021 WL 603244, at 4-5 (Pa. Super. Feb. 16, 2021)). Yet, Pa. SSJI (Crim) 7.01 is not accepted as law. It is, as are all suggested standard jury instructions, merely a proposed statement of the law. *Commonwealth v. Simpson*, 66 A.3d 253, 274 n.24 (Pa. 2013); *Commonwealth v. Shadron*, 370 A.2d 697, 702 (Pa. 1977) (Manderino, J., concurring) ("Although the Standard Jury Instruction project may provide a helpful [g]uide to trial judges, the standards are [n]ot conclusive. The suggestions contained in the drafts are always subject to challenge by attorneys in their advocacy before this Court."). Courts are not bound to the terms of suggested standard jury instructions unless the language thereof is made mandatory in a precedential decision from this Court. *Commonwealth v.*

*H.D.*, 247 A.3d 1062, 1064 n.1 (Pa. 2021); *see also Commonwealth v. King*, 721 A.2d 763, 780 n.10 (Pa. 1998); *Commonwealth v. Young*, 317 A.2d 258, 261 (Pa. 1974) (referencing reasonable doubt charges upon which the Court had "placed [its] imprimatur[.]").  Until a standard suggested jury instruction is explicitly endorsed by this Court, it cannot be presumed to be an accurate statement of the law.  Quite often, as the Superior Court did here, lower courts rely on standard suggested jury instructions as authoritative, but they are not until endorsed by this Court.  The Majority Opinion endorses the first alternative under Pa. SSJI (Crim) 7.01 as an example of a sound objective reasonable doubt instruction and I agree.  I would go further than the Majority Opinion in urging trial courts to avoid examples couched in terms of action, *see* Majority Op. at 17, which mirrors the second alternative provided by Standard Suggested Criminal Jury Instruction 7.01.  Instead, I would specifically disapprove this second alternative as a basis for the reasonable doubt instruction.